UNITED STATES COURT OF APPEALS
**Filed 9/24/96**
FOR THE TENTH CIRCUIT

KERRY V. HERD,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 96-7022
(D.C. No. CV-95-125-B)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Kerry V. Herd appeals from an order of the district court affirming the Secretary's[1] determination that he is not entitled to disability benefits. We affirm.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citations and quotation omitted).

The administrative law judge (ALJ) determined at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Herd could perform sedentary work. Mr. Herd asserts that substantial evidence does not support this determination and that he cannot perform a significant number of jobs existing in the national economy.

Mr. Herd claimed disability due to pain in his back, an injury to his shoulder, and mental impairments including depression. On appeal, he asserts

---

[1] Although, in the caption, the Commissioner of Social Security has been substituted for the Secretary of Health and Human Services as the defendant in this action, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

error only as to the ALJ's determination that he is not disabled due to his mental impairments.

The ALJ found that while Mr. Herd had functional limitations due to a mental impairment, his impairment was not so severe as to preclude the performance of all substantial gainful activity at the sedentary unskilled level. R. Vol. II at 67. The record shows that Mr. Herd has seen only two mental health professionals: Dr. Smallwood, a psychologist, and Dr. Grubb, a psychiatrist.

Dr. Smallwood completed the psychiatric review technique form by checking boxes which indicated that while Mr. Herd had some mental impairments, none of them met a listing. Id. at 190-98. Dr. Smallwood gave no reasons to support his determination and the record contains no explanation of whether he personally examined Mr. Herd or made his conclusions based on the record alone.

Dr. Grubb performed a psychiatric consultation. He noted that Mr. Herd had never received psychiatric treatment and claimed he was not working due only to physical problems. Dr. Grubb noted that Mr. Herd was clean, but inappropriately dressed as "[h]e was wearing a 'gimmie' cap, a flannel shirt, jeans, and dirty boots . . . ." Id. at 238. He observed that Mr. Herd appeared distracted and anxious and had a depressed, flattened mood with slow speech. Dr.

Grubb felt that Mr. Herd's judgment was poor and he was suffering from major depression and had a dependent personality. He concluded that Mr. Herd

> probably could not do adequately even in well structured tasks that would rely on a usual routine. If the patient had to concentrate on details more than at a minimal level, it is my opinion that the patient would not be able to do this at this time. This could be improved by psychiatric medication.

Id. 239-40.

The ALJ rejected Dr. Grubb's conclusions noting that "Dr. Grubb appears to have given claimant's subjective complaints rather significant credibility, insofar as he noted that he considered claimant's 'multiple physical problems' to be making claimant's symptoms worse." Id. at 70. He also noted that Dr. Grubb's conclusion that Mr. Herd suffered from periods of deterioration was unsupported by any evidence in the record.

At the hearing, Mr. Herd did not present any evidence that he had a mental impairment which would impact his ability to work. Indeed, when, after he had testified as to his physical problems, he was asked if he had any further physical or mental problems which would affect his ability to work, Mr. Herd responded "Not that I know of." See id. at 111.

Mr. Herd's claim of a mental impairment is supported only by Dr. Grubb's consultative examination. Dr. Grubb appears to have fully accepted Mr. Herd's statements as to the extent of his pain and physical limitations and concluded that

those physical problems had exacerbated his mental impairments. The ALJ found that Mr. Herd's testimony as to his pain and physical impairments was not credible, thus undermining the foundation upon which Dr. Grubb's conclusions rested. Just as the ALJ may reject a treating physician's conclusions if they are unsupported by the record, the ALJ may reject a consultative physician's conclusions for the same reasons. The ALJ articulated specific, legitimate reasons for rejecting Dr. Grubb's conclusions. Cf. Washington v. Shalala, 37 F.3d 1437, 1440 (10th Cir.1994).

No error is present because the VE did not discuss how Mr. Herd's mental impairment might affect his ability to perform the identified jobs. Mr. Herd testified that he had no mental impairment which would affect his ability to work and the record supports his statement.

We must affirm if substantial evidence supports the ALJ's determination. Castellano, 26 F.3d at 1028. The evidence in the record consists of the following: (1) Dr. Smallwood's statement that Mr. Herd does not meet a listing for a mental impairment; (2) Mr. Herd's own statement that he had no mental impairment that would affect his ability to work despite his claim on his application to the contrary; and (3) no evidence in the record that Mr. Herd has ever sought psychiatric treatment or has ever experienced any difficulties at work due to a mental impairment. Cf. Soc. Sec. Rul. 96-8p, 61 FR 34474, 1996 WL 374184

("When there is no allegation of a . . . mental limitation . . . and no information in the case record that there is such a limitation . . ., the adjudicator must consider the individual to have no limitation . . . with respect to that functional capacity."). We further note that Mr. Herd's report of his daily activities including doing some housework such as sweeping, washing dishes, and some laundry; getting his children off to school; caring for the chickens; raking leaves, and some driving suggests he functions at a level above a totally disabling mental impairment.

We cannot agree that Dr. Grubb's opinion offsets the evidence cited. Dr. Grubb's conclusions were not based on any psychiatric testing or examination beyond a consultation. Further, the ALJ discredited the basis of Dr. Grubb's conclusion by finding Mr. Herd's testimony as to the extent of his pain, to which Dr. Grubb gave controlling weight, to be incredible. See id. n.8 (ALJ must consider medical source opinion that an individual is disabled, but "will not give any special significance to the opinion because of its source").

Based on the record before us, we conclude that substantial evidence supports the ALJ's determination. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge
